UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America et al., | Civil No. 72-0019 (PAM/JSM) |
| Plaintiffs, | |
| v. | **ORDER** |
| Reserve Mining Company et al., | |
| Defendants. | |

This matter is before the Court on Northshore Mining Company's Motion to Substitute Party Defendant. Specifically, Northshore Mining Company asks the Court to substitute it for Defendant Reserve Mining Company.

This suit began in 1972 when Plaintiffs sued to enjoin the discharge of mineral tailing into Lake Superior. A decade later, the parties settled all active disputes relating to the litigation but requested that the Court retain jurisdiction to address any potential future disputes. Based on the settlement, the Court administratively closed the case but ruled that any party could reopen the case and seek relief through a proper motion. A dispute now has arisen relating to the control standard imposed by the Eighth Circuit Court of Appeals in Reserve Mining Company v. Environmental Protection Agency, 514 F.2d 492 (8th Cir. 1975).

In the meantime, Reserve Mining Company sold its mining and ore operations, including its operating permit memorializing the control standards, to Cyprus Northshore Mining Company. Cyprus Northshore Mining Company thereafter changed its name to

Northshore Mining Company. Thus, Northshore Mining Company is now sole owner of the operating permit containing the city control standard and the facilities governed by that standard.

Federal Rule of Civil Procedure 25(c) provides for substitution of a party when an original party to an action transfers its interests. The Rule is "designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 191 (8th Cir. 1995) (internal quotations and citation omitted). Because Northshore Mining Company now owns the operating permit and facilities at issue in this litigation, substitution is appropriate. Accordingly, **IT IS HEREBY ORDERED** that:

1. Northshore Mining Company's Motion to Substitute Party Defendant (Docket No. 1893) is **GRANTED**;

2. Northshore Mining Company is substituted as Defendant for Reserve Mining Company; and

3. All papers subsequently filed in this action shall have a caption that properly reflects Northshore Mining Company in place of Reserve Mining Company.

Dated: August 20, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge